IN RE OPINION TO THE GOVERNOR AS TO SUSPENSION OF
STATE HEALTH OFFICER.

Opinion Filed June 17, 1919.

CONSTITUTIONAL LAW—SUSPENSION OF OFFICER—APPLIES
ONLY TO OFFICERS THAT HAVE BEEN ELECTED BY
THE PEOPLE OR APPOINTED BY THE GOVERNOR.

Under the provisions of Section 15 of Article III of the Constitution the Governor has power to suspend from office only such officers as have been elected by the people or appointed by the Governor, who are not subject to impeachment. Since the State Health Officer is neither elected by the people nor appointed by the Governor, the latter has no authority to suspend him.

State of Florida,
Executive Chamber,
Tallahassee, June 11, 1919.
Honorable Justices of the Supreme Court of Florida,
Supreme Court Building,
Tallahassee, Fla.
Gentlemen:—

There is a condition, which has arisen, in regard to the State Health Officer, the State Board of Health, and the Governor of the State, which he desires to ask your opinion concerning.

First. Some months ago the Grand Jury of Duval County asked that the Governor have an audit made of the books of the State Health Officer, which was done showing the expenditures of said office were extravagantly used and some charges that the Governor thought of such import and nature that he asked the State Board of Health to allow Dr. Cox to retire; the Board did not

agree with him and refused to do this. Later the State Board of Health desired Dr. Cox to retire as State Health Officer, but in the meantime he had employed a lawyer and was fighting the case, and the Governor of the State refered the decision of the matter to the Attorney General, but he has not given an opinion in regard to whether he considered Dr. Cox an officer, duly appointed by the Governor, or an employee of the State Board of Health employed by said Board. It seems that when the Bill was drawn, in order to keep Dr. Porter in charge of the work of the State Board of Health, there was a shadow thrown over the appointing power of the Governor in regard to this matter.

Second. With conditions in this vexed and troubled relationship and everything up in the air, in regard to who could or should remove said officer, on account of non-discharge of duties, the Senate assembled and appointed a Committee to look into the work of the State Board of Health. The Senate Committee made the following recommendation: "That Dr. Cox be removed from the pay-roll of the State and that he be allowed no further expense account; that he be removed from office and that the Governor should be the one to do this." He has asked Mr. Amos to issue no more pay checks for Dr. Cox and he has agreed so to do.

Third. The work of the State Board of Health is suffering on account of the inefficiency of its State Health Officer and the State Board of Health will meet in my office next Tuesday, the 17th, to determine the following questions:

A. Is Dr. Cox, or any man in his place, the State Health Officer and a person who can be removed by the Governor, as said officer, or,

B.  Is he, under the terms of the law, as originally drafted employed by the State Board of Health, and if so, subject to removal by said Board.

Fourth.  He must be either one or the other of these two persons and subject to removal by the Governor as an officer, or by removal by the State Board of Health, as an employee, or he is a person who would forever remain in his functions of Officer or employee with no one to discharge him for malfeasance, misfeasance, non-feasance, etc., in office.

Fifth.  The Governor, therefore, asks the Supreme Court to give him an opinion, not upon the law as it was passed when it instated Dr. Porter, but, upon the question merely as to who has the right to remove the State Health Officer.

Sixth.  He would also like to have the opinion of the Court, if in accordance with law, to instruct him as to whether, when the new State Health Officer is appointed, it should be by the Governor or by the State Board of Health, and whether this new person shall be considered an employee of the State Board of Health, or an Officer of the State, duly commissioned by the Governor of the State of Florida.

Thanking you to give this your careful attention, and, if it does not violate any of the provisions of law which may come before you in the future for solution and settlement of cases, he would be glad to have said opinion before Tuesday, the 17th instant.

Very respectfully,<br>SIDNEY J. CATTS,<br>Governor.

Tallahassee, Florida, June 16th, 1919.
To His Excellency,
    Sidney J. Catts,
        Governor.
Sir:—

.Replying to yours of 11th inst. Under Section 15, of Article 3 of the Constitution of Florida you as Governor have power only to suspend from office such officers as have been elected by the people or appointed by the Governor, who are not subject to impeachment. Since the State Health Office as to whom you write has not been elected by the people nor appointed by the Governor, you as Governor have no authority to suspend him.

Under the Constitution this court cannot advise you upon the scope and effect of any statute, but only upon some feature of the Constitution that affects some Executive power or duty.

                    Respectfully,
                        JEFFN. B. BROWNE,
                            Chief Justice.
                        R. F. TAYLOR,
                        J. B. WHITFIELD,
                        W. H. ELLIS,
                        T. F. WEST,
                                Justices.